IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| **Olusegun Martins**; <br> **Sabah Al-Washah** <br><br> Plaintiffs, <br><br> v. <br><br> **Reeves County Detention Center III;** <br> **The GEO Group, Inc.**; <br> **Ronald Martinez**, Warden of Reeves County Detention Center III; <br> **Oscar Solis,** Acting Deputy Warden of Reeves County Detention Center III**;** <br> **Anna Madril**, Grievance Lieutenant of Reeves County Detention Center III**;** <br><br> Defendants. | **Civil Action** <br> Case No. 4:17-cv-0008 <br> Hon. _____ |

**Complaint for Damages, Declaratory Judgment and Injunctive Relief**

NOW come the Plaintiffs, Olusegun Martins ("Martins"), and Sabah Al-Washah ("Al-Washah"), collectively "Plaintiffs," who by and through their attorneys, in the above-captioned matter, hereby state as follows:

## I. INTRODUCTION

Plaintiffs are Muslim federal inmates detained in Reeves County Detention Center, also known as Reeves County Detention Complex ("RCDC"). RCDC is a privately-managed complex with three facilities: R-1, R-2, and R-3. Plaintiffs are detained in RCDC, R-3. By refusing to provide *halal* meals, RCDC and its agents have infringed on Plaintiffs' sincerely held religious beliefs, in violation of the Religious Freedom Restoration Act of 1993 ("RFRA"), the First

Amendment of the U.S. Constitution, and have further breached a contract to which Plaintiffs are third party beneficiaries. Plaintiffs file this suit seeking damages, declaratory judgment, and injunctive relief.

## II.     PARTIES

1. Plaintiffs Olusegun Martins (Register Number: 59838-379) and Sabah Al-Washah (Register Number: 77503-051) are federal inmates detained in RCDC, R-3. They are Muslims, whose sincerely held religious beliefs require that they consume *halal* diets.[1]

2. Defendant RCDC is a private prison located in Pecos, Texas, contracting with the Federal Bureau of Prisons ("BOP").

3. Defendant Ronald Martinez is the warden at RCDC, R-3. He is sued in his official capacity.

4. Defendant Oscar Solis is the acting deputy warden at RCDC, R-3. He is sued in his official capacity.

5. Defendant Anna Madril is the Grievance Lieutenant at RCDC, R-3. She is sued in her official capacity.

6. Defendant GEO Group, Inc. ("the GEO Group") is a private corporation managing operations of RCDC. The GEO Group has its headquarters in Florida and conducts business in Reeves County, Texas.

## III.     JURISDICTION

7. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331 (Federal Question), and 28 U.S.C. § 1343(a)(3) (Civil Rights). Equitable relief is authorized by 28 U.S.C. § 1343(a)(4),

---

[1] RCDC consists of three facilities: R-1, R-2 and R-3. All Plaintiffs in this case are at RCDC, R-3. To avoid redundancy, Plaintiffs will use "RCDC" to refer to "RCDC, R-3" after this section of the Complaint.

and declaratory relief is authorized by 28 U.S.C. § 2201(a) and 28 U.S.C. § 2202. The RFRA claim is specifically authorized by 42 U.S.C. § 2000bb–1 (c).

8. Plaintiffs request a speedy decision and advancement on this Court's calendar under Fed. R. Civ. P. 57 and 28 U.S.C. § 2201.

## IV.     VENUE

9. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this district. Specifically, Defendants operate RCDC, R-3 and incarcerate several Muslim prisoners desiring to eat *halal* meals, including the two Plaintiffs named in this Complaint.

## V.     BACKGROUND

### A. Reeves County Detention Complex ("RCDC")

10. RCDC is a private prison in Pecos, Texas contracting with the BOP to house federal inmates.[2] It is managed by the GEO Group.[3]

11. Private prisons contracting with the BOP are required to follow all applicable local, state, and federal laws, codes, and regulations for the jurisdiction in which they operate.[4]

12. To ensure the safety and security of the inmates and community, the BOP places several staff on-site to monitor contract performance and to ensure contractors perform in accordance with contract terms and conditions.[5]

---

[2] *See* Contract Prisons, https://www.bop.gov/about/facilities/contract_facilities.jsp (last visited Sept. 26, 2016); *see also* Reeves County Detention Complex (R3), http://www.geogroup.com/FacilityDetail/FacilityID/75 (last visited Oct. 3, 2016).
[3] *See* Contract Prisons, https://www.bop.gov/about/facilities/contract_facilities.jsp (last visited Sept. 26, 2016); *see also* Reeves County Detention Complex (R3), http://www.geogroup.com/FacilityDetail/FacilityID/75 (last visited Oct. 3, 2016).
[4] *See* Contract Prisons, https://www.bop.gov/about/facilities/contract_facilities.jsp (last visited Sept. 26, 2016).
[5] *Id.*

### B. *Halal* meals generally

13. A sincerely held belief of the Islamic religion requires food that is "*halal.*"[6] Plaintiffs believe that for meat to be *halal*, the animal from which it comes cannot have died of causes other than proper slaughtering in accordance with Islam. The animal must be slaughtered individually, by hand, by an adult Muslim, while reciting the name of Allah, and in a manner prescribed by Islamic law. Meat that comes from an animal not slaughtered in this manner is *haram*, or forbidden.

14. Plaintiffs believe that, under the Qur'an and interpretations of the Qur'an, they must abstain from forbidden or doubtful foods, and are also forbidden from being vegetarian. They are obligated by their beliefs to consume *halal* meat, not just fish and vegetables, as part of their regular diet.

### VI. FACTS

15. Plaintiffs have exhausted their administrative remedies in this case.[7]

16. Plaintiff Martins is a federal detainee charged with conspiracy to commit wire fraud and aggravated identity theft in violation of 18 U.S.C. § 371 and 18 U.S. Code § 1028A.

17. On August 10, 2016, Martins initiated the administrative relief process by filing an Inmate Request to Staff seeking *halal* meals. Martins explained that consuming non-*halal* food violates his sincerely held religious beliefs. He noted that Jewish prisoners are accommodated for their religious requirements, by receiving *kosher* meals. *Exhibit A*. One week later, this request was denied. The RCDC Food Service Director suggested a vegetarian diet, and stated that prisons are not required to accommodate all religious diet requirements in the same manner. *Exhibit B*.

---

[6] "*Halal*" means "lawful" or "permitted." The Qur'an 6:121 (N. J. Dawood trans., Penguin Books 5th ed. 1999*). See also id*. at 16:114 ("Therefore do not eat of that which has not been consecrated in the name of God; for that is sinful.").

[7] RCDC's four-step grievance procedure requires inmates to: (1) file an Inmate Request to Staff form; (2) file an Inmate Informal Resolution form; (3) file an Inmate Grievance form; and (4) appeal the decision to the BOP's Administrative Remedy Coordinator – Privatization Management Branch.

18. On August 18, 2016, Martins appealed via an Inmate Informal Resolution Form, clarifying that the GEO Group's definition of *halal* is not compliant with Islam's definition. He stated that the non-pork and vegetarian meals are not *halal*. He requested the prison provide *halal* food as defined by his religious observance of the Qur'an, not the GEO Group's definition. *Exhibit C.*

19. On August 22, 2016, Defendant Martinez rejected Martins' appeal, concluding the GEO Group's regular food service is appropriate for Muslim inmates "because it is free of anything forbidden or otherwise considered to be *haram*." He claimed that Martins failed to explain why anything on the menu is forbidden. Martins was told again of the vegetarian diet, and that prisons are not required to accommodate all religious requirements in the same manner. *Exhibit D.*

20. On August 22, 2016, Martins filed an Inmate Grievance Form, claiming the prison's refusal to provide *halal* meals violates his right to freely exercise his religion, and results in religious discrimination. He noted commissary items were misidentified as *halal*. He stated that *halal* diet requires avoiding foods with questionable ingredients. Martins stated that by refusing to provide *halal* meals, as defined by the Qur'an, Defendants forced him to violate his religious beliefs. He noted that providing *kosher* meals to Jewish inmates while denying *halal* meals to Muslim inmates shows discrimination against Muslims. *Exhibit E.* Defendant Martinez again rejected the request, repeating the reasons previously stated in his denial of Martins' appeal.

21. In September 2016, Martins completed the last administrative step, filing an appeal with the BOP. His appeal was rejected, with the reason given that the issue of access to religious diet is not properly appealable to the BOP; instead, inmates must use the particular facility's specific grievance procedures (as Plaintiff Martins had already done). *Exhibit G.*

22. Plaintiff Al-Washah is a federal detainee charged with distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

23.     On August 8, 2016, Al-Washah sent an Inmate Request to Staff requesting daily *halal* meals. *Exhibit U*. This was denied on August 10, with a statement that facility food is *halal*, simply because there is no pork or pork byproduct, and he could request a vegetarian diet. *Exhibit V*.

24.     On August 15, 2016, Al-Washah filed an Inmate Informal Resolution form, stating that his religion requires him to consume a diet complying with Islamic dietary laws. *Exhibit W*. Defendant Martinez responded on August 22, asserting that regular food service is appropriate for Muslim inmates, and again informing Al-Washah that he can request a vegetarian diet. Martinez claimed Al-Washah did not adequately explain why these options violate his religious beliefs. *Exhibit X*.

25.     On August 22, 2016, Al-Washah filed an Inmate Grievance Form, again requesting *halal* food due to his religious beliefs. *Exhibit Y*. Martinez again rejected the request on August 24, repeating the reasons stated in Martinez's previous rejection. *Exhibit Z*.

26.     Al-Washah filed an appeal with the BOP, regarding the lack of *halal* food at RCDC. The BOP rejected Al-Washah's grievance on September 20th because the issue of access to religious diet is not appealable to the BOP, and an inmate must use his specific facility's grievance procedures (as Plaintiff already had). *Exhibit AA*.

## VII. Causes of Actions

### Count 1 – Violation of the Religious Freedom Restoration Act of 1993 ("RFRA")

27.     Plaintiffs incorporate by reference the foregoing paragraphs ¶ 1 to ¶ 26.

28.     To bring a claim under RFRA Plaintiffs must prove that (1) the Government substantially burdened their free exercise of religion and (2) that the Government failed to use the least restrictive means of furthering any compelling governmental interest.[8]

---

[8] 42 U.S.C. § 2000bb–1 (a)-(b).

29. The RFRA provides that the term "government" includes a branch, department, agency, instrumentality, and official (*or other person acting under color of law*) of the United States, or of a covered entity.[9] (*Emphasis added*).

30. Defendants RCDC, the GEO Group, Martinez, Solis, and Madril are acting under the color of federal law, because detaining federal inmates is a power traditionally and exclusively reserved for the federal government.[10]

31. Here, Plaintiffs satisfy the first element because Defendants' failure to provide *halal* food has substantially burdened Plaintiffs' religious practices, by forcing Plaintiffs to instead consume non-*halal* meals and thereby violate their sincerely held religious beliefs on a daily basis.

32. Plaintiffs satisfy the second element because placing this burden on Plaintiffs' religious practice does not further any compelling government interest. Given the fact that the Defendants are able to accommodate Jewish dietary requirements, their failure to accommodate Muslim dietary requirements is not the least restrictive means available to further any compelling interests that may exist.

33. Defendants' denial of *halal* meals violates the RFRA, at § 2000bb–1(a). Plaintiffs are entitled to a declaration that Defendants' policy on *halal* food violates Plaintiffs' rights under the RFRA, as well as injunctive relief, damages, costs and attorneys' fees.

---

[9] § 2000bb–2 (1). (Emphasis added)
[10] See *Evans v. Newton*, 382 U.S. 296, 299 (1966); *Fabian v. Dunn*, No. SA-08-cv-269-XR, 2009 U.S. Dist. LEXIS 69385, at *16 (W.D. Tex. Aug. 6, 2009); *Sarro v. Cornell Corr., Inc.*, 248 F. Supp. 2d. 52, 61 (D.R.I. 2003).

**Count 2 – Breach of Contract**

34.     Plaintiffs incorporate by reference the foregoing paragraphs ¶ 1 to ¶ 33.

35.     The GEO Group entered into a contract with the BOP to house federal inmates. Specifically, "[c]ontract facilities operate according to a Statement of Work (SOW) or Performance Work Statement (PWS), which outlines the requirements for operating under the contract."[11]

36.     The GEO Group entered into a contract with the BOP to provide facilities that house prisoners in accordance with "all applicable local, state, and federal laws, codes, and regulations for the jurisdiction in which they operate."[12] This provision contractually incorporates the obligations set forth above under the RFRA, which the BOP is obligated to provide.

37.     The GEO Group has breached its contractual obligations by failing to meet the standards set forth in the RFRA and the Constitution of the United States, to provide necessary religious accommodations, and Plaintiffs, as third party beneficiaries of this contract, suffered harm as a direct result.

38.     A third party may recover on a contract between other parties if the parties entered into a contract with the intent to secure a benefit for that third party.[13] The intention of the parties to the contract determines the validity of a third party beneficiary claim.[14] Plaintiffs have standing as intended third party beneficiaries of this contract.

---

[11] *See* Contract Prisons, https://www.bop.gov/about/facilities/contract_facilities.jsp (last visited Sept. 26, 2016).
[12] *See* Contract Prisons, https://www.bop.gov/about/facilities/contract_facilities.jsp (last visited Sept. 26, 2016).
[13] *See Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002).
[14] *See S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 306 (Tex. 2007).

39. Plaintiffs are entitled to judgment on their breach of contract claims and resulting damages, costs and attorneys' fees. Plaintiffs further seek an injunction prohibiting any future breach.

### Count 3 – In the Alternative, Plaintiffs Plead a Violation of the Establishment Clause of the First Amendment

40. Plaintiffs incorporate by reference the foregoing paragraphs ¶ 1 to ¶ 39.

41. A private entity may be sued for violating the constitution if it is acting under the color of federal law.[15]

42. Defendants Martinez, Solis, and Madril are private individuals acting under the color of federal law and may be sued for constitutional violations.

43. The Establishment Clause of the First Amendment of the United States Constitution provides that "Congress shall make no law respecting an establishment of religion." This prohibits government actions that provide preferential treatment of one religion over another.

44. The Establishment Clause protects the right of Muslim inmates to receive a diet complying with their sincerely held religious beliefs, where inmates of other religions are provided a diet in compliance with their faiths.

45. The Supreme Court established a three factor test (the "*Lemon* test") for evaluating claims under the Establishment Clause: "First, the statute must have a secular legislative purpose; second, its principal or primary effect must be one that neither advances nor inhibits religion; finally, the statute must not foster an excessive government entanglement with religion."[16]

---

[15] This claim is raised in the alternative. If the Court determines that Counts 1 and 2 do not apply in the instant facts, or that Plaintiffs are prohibited from bringing these claims for any reason, Plaintiffs raise the Establishment Clause violation under *Bivens* in the alternative. *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971) (finding that a civil claim against government officials exists for constitutional violations, where no other remedy is available at law); *see also Minneci v. Pollard*, 132 S.Ct. 617, 623 (2012) (recognizing that a *Bivens* claim may extend, if properly pled, to officials at privately run prisons where no other remedy is available).

[16] *Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971).

46.     Here, Defendants are in breach of the second element of the *Lemon* test. Defendants' refusal to accommodate Plaintiffs' requests for *halal* meals, while providing *kosher* meals to Jewish inmates, demonstrates an advancement of one religion over another. Plaintiffs are prohibited from complying with their faith-based diets, while Jewish inmates are not.

47.     This difference in treatment is not reasonably related to any legitimate compelling interest.

48.     Defendants' provision of *kosher* meals to accommodate Jewish dietary requirements, while refusing to similarly accommodate Muslim dietary requirements, constitutes a preference of one religion over another in violation of the Establishment Clause of the First Amendment. Plaintiffs are entitled to a declaration that Defendants' policies are unconstitutional, both on their face and as applied to them, as well as to injunctive relief, damages, and costs and attorneys' fees.

### VIII. Prayer for Relief

WHEREFORE, Plaintiffs respectfully request this Honorable Court:

1. Issue a declaratory judgment that Defendants' regulations, policies, practices, and customs violate RFRA, and constitute a breach of contract, or, in the alternative, violate the Establishment Clause of the First Amendment of the Constitution of the United States;

2. Issue injunctions requiring Defendants to remedy the statutory and constitutional violations identified above, including an order mandating that Defendants accommodate Plaintiffs' requests for *halal* food;

3. Award damages to Plaintiffs as a result of Defendants' illegal and improper actions;

4. Award attorneys' fees, costs, and expenses of all litigation as appropriate; and

5. Grant such other and further relief as the Court may deem just and proper.

DATED this 3rd day of February, 2017

*/s/ Charles Swift*
**Charles D. Swift**
TX State Bar No. 24091964
**Marwa Elbially**
TX State Bar No. 24090089
Constitutional Law Center for Muslims in America (CLCMA)
833 E. Arapaho Rd., Ste. 102
Richardson, TX 75081
Tel: (972) 914-2507; Fax: (972) 692-7454
cswift@clcma.org
melbially@clcma.org.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of Plaintiffs' Complaint was electronically filed and served on the Court's electronic filing system:

DATED this 3rd day of February, 2017.

*/s/ Charles Swift*
**Charles D. Swift**
Attorney for Plaintiffs
